UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALEJANDRO AGUILERA ROJAS,<br>Defendant. | CASE NO. 20-cr-05254-BHS<br>ORDER |

THIS MATTER is before the Court on defendant Alejandro Aguilera Rojas' "Petition for Relief Based upon The Merits." Dkt. 49.

In December 2021, Aguilera Rojas pleaded guilty to second degree murder, in violation of 18 U.S.C. § 1111. Dkt. 35. The Court imposed a within-guideline range sentence of 200 months custody, followed by five years of supervised release. Dkt. 46. Aguilera Rojas did not appeal. Dkt. 51 at 4.

Aguilera Rojas now seeks relief from his conviction and sentence. Although filed as a single petition, the Court agrees with the Government that it is best construed as raising two distinct claims: (1) a motion to vacate his conviction under 28 U.S.C. § 2255

based on ineffective assistance of counsel, and (2) a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on two sentencing guideline amendments.[1]

The Government opposes the motion, arguing that the claims are both untimely and meritless. Dkt. 51 at 4.

The Court addresses each claim in turn.

## I. DISCUSSION

### A. Aguilera Rojas' 28 U.S.C. § 2255 claim is time barred.

Aguilera Rojas argues that his attorney was ineffective for allowing him to plead guilty to second degree murder because "as a matter of law [he] is innocent." Dkt. 49 at 3. He asserts that counsel failed to advise him of available defenses, including the argument that he lacked the requisite intent to commit the charged crime due to his consumption of alcohol and cocaine. *Id.* at 1. He asserts that the facts support, at most, a conviction for voluntary manslaughter, "because the act occurred during the heat of passion." *Id.* at 2.

The Government argues that this claim is time-barred and, in any event, fails on the merits because the defendant cannot establish ineffective assistance of counsel. Dkt. 51 at 5. The Government contends that second degree murder is a "general intent crime, to which voluntary intoxication is no defense." *Id.* at 7. The Government further emphasizes that Aguilera Rojas has presented no evidence that he was intoxicated at the time of the offense. *Id.* at 6.

[1] The Court also considers the documents that Aguilera Rojas filed in support of his motion, including his letter to the Court, Dkt. 52, and declaration, Dkt. 53.

A federal prisoner may collaterally attack the legality of his conviction or sentence through a motion to vacate, set aside, or correct his sentence under 28 U.S.C § 2255. Such a motion must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). Where, as here, a movant does not file a direct appeal, "the conviction becomes final when the time for filing a direct appeal expires," which is fourteen days after entry of final judgment. *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015); *see* Fed. R. App. P. 4(b)(1)(A).

The Court entered Aguilera Rojas' amended judgment on May 27, 2022, and his conviction therefore became final 14 days later. Because Aguilera Rojas did not file this motion until approximately four years after that date, it is untimely under § 2255(f).

The statute of limitations may be equitably tolled under 28 U.S.C. § 2255 if "(1) the [movant] has diligently pursued his rights, and (2) extraordinary circumstances exist." *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "This is a very high threshold." *Gilbert*, 807 F.3d at 1202 (internal citation omitted). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of the prisoner's untimeliness." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation modified).

Aguilera Rojas does not argue that he is entitled to equitable tolling and there is nothing in his petition to suggest that such relief should be granted here. Aguilera Rojas' § 2255 claim is therefore time barred.

Even if Aguilera Rojas' claim was not time barred, it fails as a matter of law. To prevail on a claim of ineffective assistance of counsel, Aguilera Rojas must show that (1) his counsel's performance was "deficient" and (2) his counsel's performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687). Under this analysis, the question is whether "counsel's representation fell below an objective standard of reasonableness." The Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira–Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (as amended).

Guilty pleas "must be 'voluntary' and 'knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *United States v. Jackson*, 21 F.4th 1205, 1212 (9th Cir. 2022) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970). A guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice, that is advice that was not "within the range of competence demanded of attorneys in criminal cases." *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980).

Aguilera Rojas contends that his counsel was deficient for failing to advise him that his consumption of alcohol and cocaine made it impossible for him to develop the requisite intent to commit second degree murder. But, as the Government responds, "he is

simply wrong." Dkt. 51 at 6. Voluntary intoxication is not a defense to second degree murder, which is a general intent crime. *Id.* Aguilera Rojas could not have been prejudiced by his counsel's failure to apprise him of an argument which could not apply to his case. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("failure to raise a meritless legal argument does not constitute ineffective assistance of counsel"). Aguilera Rojas' presents no other evidence that his plea was otherwise unknowing or involuntary.

Aguilera Rojas' motion to vacate his conviction under 28 U.S.C. § 2255 is **DENIED**.

**B. Aguilera Rojas' presents no valid basis for a sentence reduction under 18 U.S.C. § 3582(c).**

Aguilera Rojas also seeks resentencing based on two sentencing guideline amendments: (1) Amendment 829, a now deleted amendment which provided that "a downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses," and (2) Amendment 821, which created a reduction in the calculation of a defendant's total offense level for zero-point offenders.

Neither amendment supports a sentence reduction here.

District courts generally lack authority to modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce a defendant's sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission . . . [and] after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Dkt. 51 at 10.

Aguilera Rojas was sentenced in 2022 for an offense he committed when he was 24 years old. *See* Dkt. 49 at 6. Amendment 829, issued in 2024, was a possible change in the law that might produce a disparity in sentencing between the time he was sentenced and the time he filed this motion. However, Amendment 829 was never made retroactive, U.S.S.G. § 1B1.10(d), and notably, this provision has since been deleted pursuant to Amendment 836 on November 1, 2025. U.S.S.G. App. C, amend. 836 (Nov. 2025). Amendment 829 does not warrant a reduction in Aguilera Rojas' sentence.

Amendment 821, on the other hand, went into effect in 2023 and may be applied retroactively, *see* U.S.S.G. § 1B1.10. It therefore could be used as a basis for a sentence reduction, but Aguilera Rojas does not qualify. Amendment 821 provides for a two-level reduction in a defendant's total offense level if the defendant is a zero-point offender and "meets [certain] criteria." U.S.S.G. § 4C1.1(a). A defendant is ineligible for a reduction if they used violence in connection with the offense and the offense resulted in death. *See* USSG §§4C1.1(a)(3), (a)(4). A conviction for second degree murder necessarily involves a death resulting from the defendant's conduct and is a violent offense. Aguilera Rojas is therefore disqualified from the zero-point-offender reduction.

Because Aguilera Rojas has not demonstrated a basis for a reduced sentence, his motion made pursuant to 18 U.S.C. §3582(c)(2) is **DENIED**.

## II. ORDER

For the reasons stated in the Order, Aguilera Rojas' "Petition for Relief Based upon The Merits," Dkt. 49, is **DENIED**.

Dated this 27th day of July, 2026.

BENJAMIN H. SETTLE
United States District Judge